# Exhibit A

DEPUTY CLERK
SUPERIOR COURT
RLINGTON COUNTY

2010 AUG 16  P 3 36

FILED & RECEIVED

AUG 2 6 2010

ANDRES & BERGER, P.C.
264 Kings Highway East
Haddonfield, NJ    08033
(856) 795-1444
Attorneys for plaintiff

---

LINDA FERRER,

      Plaintiff,

v.

ANN SPOLTORE CNM; DR. JOSEPH
RILEY; CENTER FOR ADULT
MEDICINE; UMA R. PANGANAMAMULA
M.D.; COMMUNITY HEALTHCARE
INC. d/b/a VINELAND COMMUNITY
HEALTHCARE CENTER and/or
GLASSBORO COMMUNITY HEALTHCARE
CENTER; JOHN DOE #1-15
(fictitious); JANE ROE #1-15
(fictitious); and JOHN DOE
EMPLOYERS #1-15 (fictitious),
individually, jointly,
severally, and/or in the
alternative,

      Defendants.

---

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION
: BURLINGTON COUNTY
:
: Docket № BUR L -2776-10
:
:     Civil Action
:
:    COMPLAINT AND
: DEMAND FOR TRIAL BY
:       JURY
: MEDICAL MALPRACTICE
:
:
:
:
:
:
:
:
:
:
:
:

      Plaintiff Linda Ferrer, residing at 126 Grillo Street,

Glassboro, New Jersey, by way of Complaint against defendants,

states as follows:

1.   At all times material to this Complaint, defendant Ann Spoltore CNM was a certified nurse midwife licensed to practice nursing in the State of New Jersey, employed at the medical offices of Center for Adult Medicine and/or Dr. Joseph Riley, 1051 West Sherman Avenue, Vineland, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff Linda Ferrer.

2.   At all times material to this Complaint, defendant Dr. Joseph Riley was a medical doctor employed at the medical offices of Center for Adult Medicine, 1051 West Sherman Avenue, Vineland, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff Linda Ferrer.

3.   At all times material to this Complaint, defendant Center for Adult Medicine was a professional association existing under and/or in accordance with the laws of the State of New Jersey which was the employer and/or principal of defendants Spoltore and/or Riley and/or for whom defendants Spoltore and/or Riles were acting as their agents, servants, and/or employees.

4.   At all times material to this Complaint, defendant Uma R. Panganamamula M.D. was a medical doctor employed at the medical offices of Community Healthcare Inc., with offices at Vineland Community Healthcare Center, 319 Landis Avenue, Vineland, New Jersey, and/or Glassboro Community Healthcare

Center, 335 North Delsea Drive, Glassboro, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff Linda Ferrer.  Defendant Panganamamula resides in Burlington County, New Jersey.

5.   At all times material to this Complaint, defendant Community Healthcare Inc. d/b/a Vineland Community Healthcare Center and/or Glassboro Community Healthcare Center was a professional association existing under and/or in accordance with the laws of the State of New Jersey which was the employer and/or principal of defendant Panganamamula and/or for whom defendant was acting as the agent, servant, and/or employee.

6.   At all times material to this Complaint, defendants John Does #1-15 (fictitious names) were health care professionals and/or other health care providers and/or office staff, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff.

7.   At all times material to this Complaint, defendants Jane Roes #1-15 (fictitious names) were health care professionals and/or other health care providers and/or office staff, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff.

-3-

8.   At all times material to this Complaint, defendants John Doe Employers #1-15 (fictitious names) were corporations, partnerships, and/or sole proprietorships, however many in number, who were the employers of the individual defendants herein and/or for whom the individual defendants were acting as the agents, servants and/or employees.

<u>FIRST COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On or about October 25, 2006, and thereafter, defendant Ann Spoltore CNM undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff Linda Ferrer.

2.   At the time and place aforesaid and at all times material hereto, defendant Ann Spoltore CNM was negligent in the diagnosis and/or treatment and/or care of plaintiff Linda Ferrer and/or failed to inform plaintiff as to her condition and/or treatment options.

3.   As a direct and proximate result of the negligence of defendant Ann Spoltore CNM as hereinbefore set forth, plaintiff Linda Ferrer suffered serious bodily injury and/or otherwise sustained damages compensable under the laws of this state.

-4-

WHEREFORE, plaintiff demands judgment against defendant Ann Spoltore CNM for damages together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>SECOND COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On or about October 25, 2006, and thereafter, defendant Dr. Joseph Riley undertook and/or otherwise assisted in and/or supervised the diagnosis and/or treatment and/or care of plaintiff Linda Ferrer.

2.   At the time and place aforesaid and at all times material hereto, defendant Dr. Joseph Riley was negligent in the diagnosis and/or treatment and/or care of plaintiff Linda Ferrer and/or failed to inform plaintiff as to her condition and/or treatment options.

3.   As a direct and proximate result of the negligence of defendant Dr. Joseph Riley as hereinbefore set forth, plaintiff Linda Ferrer suffered serious bodily injury and/or otherwise sustained damages compensable under the laws of this state.

WHEREFORE, plaintiff demands judgment against defendant Dr. Joseph Riley for damages together with interest, counsel

fees, costs of suit, and such other relief which the Court deems equitable and just.

## THIRD COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, defendants Spoltore and/or Riley and/or John Does #1-15 and/or Jane Roes #1-15 and/or John Doe Employers #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendant Center for Adult Medicine.

2. Defendant Center for Adult Medicine is liable for the acts and/or omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior* and/or was itself otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendant Center for Adult Medicine for damages plus interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## FOURTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. On or about July 24, 2008, and thereafter, defendant Uma R. Panganamamula M.D. undertook and/or otherwise

assisted in the diagnosis and/or treatment and/or care of
plaintiff Linda Ferrer.

2.  At the time and place aforesaid and at all times
material hereto, defendant Uma R. Panganamamula M.D. was
negligent in the diagnosis and/or treatment and/or care of
plaintiff Linda Ferrer and/or failed to inform plaintiff as to
her condition and/or treatment options.

3.  As a direct and proximate result of the negligence
of defendant Uma R. Panganamamula M.D. as hereinbefore set forth,
plaintiff Linda Ferrer suffered serious bodily injury and/or
otherwise sustained damages compensable under the laws of this
state.

WHEREFORE, plaintiff demands judgment against defendant
Uma R. Panganamamula M.D. for damages together with interest,
counsel fees, costs of suit, and such other relief which the
Court deems equitable and just.

<u>FIFTH COUNT</u>

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times
material hereto, defendant Panganamamula and/or John Does #1-15
and/or Jane Roes #1-15 and/or John Doe Employers #1-15 and/or
each of them was acting as the agent, servant, and/or employee of

defendant Community Healthcare Inc. d/b/a Vineland Community
Healthcare Center and/or Glassboro Community Healthcare Center.

    2.  Defendant Community Healthcare Inc. d/b/a Vineland
Community Healthcare Center and/or Glassboro Community Healthcare
Center is liable for the acts and/or omissions of its agents,
servants, and/or employees under the doctrine of *respondeat*
*superior* and/or was itself otherwise negligent.

    WHEREFORE, plaintiff demands judgment against defendant
Community Healthcare Inc. d/b/a Vineland Community Healthcare
Center and/or Glassboro Community Healthcare Center for damages
plus interest, counsel fees, costs of suit, and such other relief
which the Court deems equitable and just.

<u>SIXTH COUNT</u>

    Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

    1.  At the time and place aforesaid and at all times
material hereto, defendants John Does #1-15 and/or each of them
undertook and/or otherwise assisted in the diagnosis and/or
treatment and/or care of plaintiff.

    2.  At the time and place aforesaid and at all times
material hereto, defendants John Does #1-15 and/or each of them
were negligent in the diagnosis and/or treatment and/or care of
plaintiff.

3.  As a direct and proximate result of the negligence of defendants John Does #1-15 and/or each of them as hereinbefore set forth, plaintiff suffered serious bodily injury and otherwise sustained damages compensable under the laws of this state.

WHEREFORE, plaintiff demands judgment against defendants John Does #1-15, individually, jointly, severally, and/or in the alternative, for damages plus interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>SEVENTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff.

2.  At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff.

3.  As a direct and proximate result of the negligence of defendants Jane Roes #1-15 and/or each of them as hereinbefore set forth, plaintiff suffered serious bodily injury and otherwise sustained damages compensable under the laws of this state.

-9-

WHEREFORE, plaintiff demands judgment against defend-
ants Jane Roes #1-15, individually, jointly, severally, and/or in
the alternative, for damages plus interest, counsel fees, costs
of suit, and such other relief which the Court deems equitable
and just.

<u>EIGHTH COUNT</u>

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times
material hereto, defendants Spoltore and/or Riley and/or
Panganamamula and/or John Does #1-15 and/or Jane Roes #1-15
and/or each of them were acting as the agents, servants, and/or
employees of defendants Center for Adult Medicine and/or
Community Healthcare Inc. d/b/a Vineland Community Healthcare
Center and/or Glassboro Community Healthcare Center and/or John
Doe Employers #1-15 and/or each of them.

2.  Defendants John Doe Employers #1-15 are liable for
the acts and/or omissions of their agents, servants, and/or
employees under the doctrine of *respondeat superior* and/or were
themselves otherwise negligent.

WHEREFORE, plaintiff demands judgment against defend-
ants John Doe Employers #1-15, individually, jointly, severally,
and/or in the alternative, for damages plus interest, counsel

fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>NINTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

WHEREFORE, plaintiff demands judgment against defendants Ann Spoltore CNM; Dr. Joseph Riley; Center for Adult Medicine; Uma R. Panganamamula M.D.; Community Healthcare Inc. d/b/a Vineland Community Healthcare Center and/or Glassboro Community Healthcare Center; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for damages together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By

MICHAEL S. BERGER

-11-

PLEASE TAKE NOTICE that plaintiff demands trial by jury as to all issues.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By _____

MICHAEL S. BERGER

## CERTIFICATION

In accordance with R.4:5-1, the undersigned hereby certifies that there are no other proceedings either pending or contemplated with respect to the matter in controversy and there are no additional known parties who should be joined to this action at this time.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By _____

MICHAEL S. BERGER

## DEMAND FOR DISCLOSURE OF NON-PARTIES

Please take notice that plaintiff hereby demands strict compliance with R.4:5-1(b)(2), which requires that "each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to R.4:28 or who is subject to joinder pursuant to R.4:29-1(b) because of potential

-12-

liability to any party on the basis of the same transactional facts."

Plaintiff hereby demands that defendants review all available records, undertake reasonable investigation, and determine the identity of any other individuals or entities who should be joined in this action pursuant to R.4:5-1(b)(2).

The failure to identify non-parties pursuant to this rule will result in an application for sanctions as well as for expenses incurred in connection with the discovery of individuals who should have been identified pursuant to the rule.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By_____
MICHAEL S. BERGER

PLEASE TAKE NOTICE that Michael S. Berger, Esquire, is hereby designated trial counsel on behalf of plaintiff in the above-entitled action pursuant to R.4:5-1(c).

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By_____
MICHAEL S. BERGER

DATED: August 12, 2010

-13-

In re LINDA FERRER

AFFIDAVIT OF MERIT

AUG 2 6 2010

STATE OF NEW JERSEY :
                              ss.
COUNTY OF ESSEX      :

    Anthony C. Quartell, of full age, being duly sworn according to law, upon his oath, deposes and says:

    1.   I am a licensed physician in the State of New Jersey and have been board-certified and/or have practiced for at least five years in the field or specialty of obstetrics and gynecology.

    2.   In my opinion, there exists a reasonable proba-bility that the care, skill, and knowledge exercised by Ann Spoltore C.N.M.; Joseph Riley D.O.; Center for Adult Medicine; Uma R. Panganamamula M.D.; and Community Healthcare Inc. d/b/a Vineland Community Healthcare Center fell outside of acceptable professional standards and practices in the diagnosis and/or treatment and/or care of Linda Ferrer.

    3.   I have no financial interest in the outcome of this litigation.

    4.   I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Anthony C. Quartell

Sworn and subscribed to
before me this 29
day of July , 2010.

LOIS C CURRY
NOTARY PUBLIC - STATE OF NEW JERSEY
MY COMMISSION EXPIRES:
JANUARY 19, 2014

NOTICE

    If any defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit statute in any way, demand is hereby made that defendant immediately notify plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraints of *N.J.S.A.* 2A:53A-26, *et seq.*